| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------- X<br>EARL GOODWINE,<br>　　　　　　　　　　　Plaintiff,<br>　　　　- against -<br>NEW JERSEY TRANSIT; NATIONAL<br>RAILROAD PASSENGER CORPORATION<br>(AMTRAK),<br>　　　　　　　　　　　Defendants.<br>----------------------------------------------------------- X | | C/M<br><br>**MEMORANDUM AND ORDER**<br><br>17-cv-4528 (BMC) |

**COGAN**, District Judge.

Plaintiff Earl Goodwine, proceeding *pro se*, filed the instant action alleging, *inter alia*, that defendants violated his civil rights and intentionally caused him to suffer emotional distress when they obtained and utilized plaintiff's medical records in connection with a previous lawsuit that plaintiff had filed in this Court. Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's complaint is dismissed as barred by the doctrine of *res judicata*.

## BACKGROUND

Plaintiff previously filed a lawsuit in this Court against National Railroad Passenger Corporation and Amtrak. See Goodwine v. Nat'l R.R. Passenger Corp., et al., No. 12-CV-3882 ("Goodwine I"). In Goodwine I, plaintiff alleged that in January 2010 he was falsely arrested by Amtrak Police and that he suffered physical injuries in the process. In July 2014, the case was called for trial. Plaintiff refused to proceed to trial and the Court entered judgment dismissing the complaint with prejudice for failure to prosecute and assessing costs to plaintiff. Plaintiff

appealed and the Second Circuit dismissed plaintiff's appeal as lacking an "arguable basis in law or fact." Goodwine v. Nat'l R.R. Passenger Corp., et al., No. 14-3214-cv (Feb. 11, 2015).

In July 2017, more than two years later, plaintiff moved in Goodwine I for an "injunction to compel having my social, medical, picture, criminal record sealed and deposition nulled." By Order dated July 28, 2017, I denied plaintiff's motion for an injunction, finding that there was no personal information on the public docket that warranted sealing and that it was far too late for plaintiff to protest certain subpoenas issued to defendants to obtain plaintiff's medical records in connection with defending against his claims.

In the instant action the gravamen of plaintiff's claims arise from the underlying proceedings in Goodwine I. Although the complaint is not entirely clear, plaintiff has effectively recycled his injunction motion and filed it as a complaint. He complains that the defense lawyers Goodwine I improperly removed that action from state court and that they acted unethically in handling his medical records and personal information, which they obtained during discovery, during the case. Plaintiff also challenges certain rulings that were made by the Magistrate Judges who supervised discovery in Goodwine I. Plaintiff seeks, *inter alia*, monetary damages.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

2

The term *res judicata* encompasses two different preclusion doctrines: claim preclusion and issue preclusion. Under claim preclusion, the doctrine at issue here, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 107-08 (2d Cir. 2015) (internal quotation marks omitted). Claim preclusion bars not only claims actually adjudicated in the prior case, but also "claims that might have been raised in the prior litigation but were not." Id. at 108. The doctrine of *res judicata* precludes a party from asserting a claim in subsequent litigation if: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties; and (3) the claims in the subsequent action were, or could have been raised, in the previous action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). A plaintiff's *pro se* status in the previous litigation does not warrant an exception to the application of preclusion. *Res judicata* "applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." Bey v. City of New York, 454 F. App'x 1, 6 (2d Cir. 2011).

Here, all of the elements of *res judicata* are satisfied. The dismissal of plaintiff's previous action, Goodwine I, for failure to prosecute serves as an adjudication on the merits. Fed. R. Civ. Pro 41(b); see also Jackson v. New York State, 523 F. App'x 67, 68-69 (2d Cir. 2013); La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc., 495 F.2d 1265, 1275 (2d Cir. 1974); Moutsinas v. Dept. of Educ. of City of New York, No. 05 CIV. 3096, 2006 WL 1997637, at *3 (S.D.N.Y. July 18, 2006). Plaintiff asserts claims in the instant action against the same defendants in Goodwine I, and his claims arise out of the transaction or occurrence that

3

was the subject matter of the previous action.  Plaintiff may not seek to use the instant action to collaterally attack the litigant's conduct and the Court's decisions and judgment in Goodwine I.

In addition, because the Second Circuit affirmed dismissal of the case, this Court cannot consider plaintiff's claims because of the "mandate rule."  Either plaintiff raised the claims he is raising here when he appealed the case, or he failed to raise them and thereby waived them. The mandate rule forecloses consideration of issues that could have been raised on appeal but were not as well as claims that were actually raised but rejected.  See U.S. v. Vidal, 136 F. App'x 438 (2005).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is directed to enter judgment dismissing the action.  The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
August 9, 2017